**MING GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–5030–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Rad-ford, Assistant Director, Vanessa O. Le-fort, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Ming Gao, a citizen of the People's Republic of China, seeks review of an October 5, 2006, order of the BIA affirming the May 31, 2005, decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Gao*, No. A98 641 993 (B.I.A. Oct. 5, 2006), *aff'g* No. A98 641 993 (Immig. Ct. Conn. May 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Gao does not meaningfully address her fear of torture upon her return in her petition before this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

With respect to asylum and withholding of removal, Gao argues that the IJ erred in several of the findings underlying his adverse credibility finding. With one exception, Gao did not adequately exhaust these issues before the BIA. We generally will not consider an unexhausted issue on appeal, especially where the government—as it does here—objects to consideration on exhaustion grounds. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007). Further, while we may consider "specific, subsidiary legal

arguments or arguments by extension" that were not raised below, the unexhausted arguments here are insufficiently related to the skeletal issues raised in Gao's brief to the BIA for us to consider them. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

Gao did argue before the BIA and before this court that the IJ failed to consider certain evidence of her identity before finding that she had not established her identity. We agree, but we believe that remand would be futile because even setting aside this erroneous credibility finding, the IJ's unexhausted findings constitute substantial evidence in support of his adverse credibility finding and we can confidently predict that the IJ would reach the same result on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DENY Gao's motion for a stay of removal as moot.